IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CAROLINE PEREZ and MARIA T. PEREZ, individually and on behalf of all others similarly situated, | 3:10-CV-00675-AC<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| DEL MONTE FRESH PRODUCE, N.A., INC., a Florida Foreign Business Corporation, | |
| Defendant. | |

BROWN, Judge.

    Magistrate John V. Acosta issued Findings and Recommendation (#60) on May 12, 2010, in which he recommends the Court grant Plaintiffs' Motion (#9) to Remand Case and to deny Plaintiffs' request for attorneys' fees.

1 - ORDER

On May 27, 2011, Defendant filed timely Objections to the Findings and Recommendation. On June 17, 2011, Defendant filed a Notice (#64) of New Facts Acquired on June 10, 2011, After the Issuance of the F&R, and Relevant to the Amount in Controversy Under 28 U.S.C. § 1332(d).

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I.  Background

On June 17, 2009, Plaintiffs Caroline Perez and Maria T. Perez filed a class-action complaint against Defendant Del Monte in Multnomah County Circuit Court in which they defined the potential class as

> persons who worked at Del Monte's produce packing plant in Portland, Oregon, during the period from after June 12, 2007, through the filing of this action, and for those employed thereafter with respect to an violation of wage and hour laws alleged herein, until such time as Del Monte complied with the law.

Notice (#1) of Removal, Ex. 1 at 2-3.  Plaintiffs alleged Defendant breached Oregon's wage-and-hour laws by failing to pay them for preparing and concluding activities such as "time spent locating, obtaining, donning, doffing, and returning their uniforms and protective equipment"; to provide uninterrupted meal periods; and to provide paid, uninterrupted ten-minute rest periods for each four hours worked.  According to Plaintiffs, Defendant underpaid each of the Plaintiffs as a result of these

violations for at least thirty minutes of each full day of work, failed to pay overtime when Plaintiffs worked more than 10 hours per day or more than 40 hours per week, and breached a settlement agreement that Defendant executed in July 2006.

On July 23, 2009, Plaintiffs filed an amended complaint in state court in which they withdrew their claims based on Defendant's alleged failure to provide uninterrupted ten-minute rest periods and their claims as to all future employees in the class; deleted their allegations that all class members are minimum- or close-to-minimum-wage workers; and added claims for damages for unpaid wages, statutory damages, and contract damages.

On August 6, 2009, Defendant moved to dismiss Plaintiffs' amended complaint on the grounds that Plaintiffs failed to join a necessary party and "to state ultimate facts sufficient to constitute a claim."

On September 4, 2009, before the state court ruled on Defendant's motion to dismiss, Plaintiffs moved to file a second amended complaint that specifically set out the amount of damages sought by Plaintiffs as follows:

(1) Caroline Perez sought damages not to exceed $1,344.96 in overtime wages with a related penalty of $3,996.00; $704.20 in unpaid minimum wages with a related penalty of $3,996.00; $896.40 in unpaid wages on her failure-

3 - ORDER

       to-pay-wages claim; $2,943.76 in unpaid wages for breach of the Settlement Agreement; and $560.25 in wrongfully-deducted wages; and

(2) Maria Perez sought damages not to exceed $4,789.00 in overtime wages with a related penalty of $2,160.00; $105.60 in unpaid minimum wages with a related penalty of $2,160.00; $3,193.20 in unpaid wages on her failure-to-pay-wages claim; $8,088.60 in unpaid wages for breach of the Settlement Agreement; and $2,025.00 in wrongfully-deducted wages.

On October 8, 2009, before the state court ruled on Plaintiffs' motion for leave to file a second amended complaint, Defendant removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). On October 9, 2009, Plaintiffs filed a Motion for Leave to File Second Amended Complaint in this Court that mirrored the motion they had filed in state court.

On October 21, 2009, Magistrate Judge Acosta held a status conference and issued an Order directing Defendant to file an amended notice of removal by October 23, 2009, and Plaintiffs to file their motion to remand by November 6, 2009. The Magistrate Judge also suspended any further briefing on the motions removed from state court.

On October 23, 2009, Defendant filed an Amended Notice of

4 - ORDER

Removal asserting the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), as an additional basis for federal jurisdiction. On November 6, 2009, Plaintiffs filed a Motion to Remand.

On January 21, 2010, Magistrate Judge Acosta issued Findings and Recommendation in which he recommended the Court grant Plaintiffs' Motion to Remand on the grounds that Defendant failed to establish by a preponderance of the evidence that Plaintiffs' damages exceeded either the $75,000 amount-in-controversy requirement of § 1332(a) or the $5,000,000 aggregate amount-in-controversy requirement of CAFA. Specifically, the Magistrate Judge noted Plaintiffs had alleged $22,521.40 in damages in their proposed Second Amended Complaint. With respect to the $75,000 amount-in-controversy requirement of § 1332(a), the Magistrate Judge found Defendant did not establish each Plaintiff in the class would individually incur more than $52,478.60 in attorneys' fees in prosecuting this action. With respect to the $5,000,000 amount-in-controversy requirement of CAFA, the Magistrate Judge found Defendant did not establish how many of the alleged employees worked at Defendant's plant during the relevant period, whether those employees were full-time or part-time, and how much the employees were paid. The Magistrate Judge concluded "[a]ll of this uncertainty prevents the court from finding that it is more likely than not that the aggregate amount in controversy

exceeds $5,000,000."

On April 2, 2010, this Court adopted the Findings and Recommendation and entered a Judgment remanding the matter to state court.

After remand Defendant submitted requests for admissions to Plaintiffs related to (1) attorneys' fees and costs that Plaintiff had incurred in a related wage-and-hour class-action litigation against Defendant,[1] (2) the attorneys' fees and costs incurred in the current action, (3) the total damages sought by the class members, and (4) the total damages sought on behalf of the class.

On May 21, 2010, Plaintiffs filed in state court a revised motion for leave to file a second amended complaint to include, among other things, an allegation that "AGGREGATE OF ALL CLAIMS DOES NOT EXCEED FIVE MILLION DOLLARS." Notice of Removal, Ex. 1 at 298-309. Although the state-court order is not in the record, the parties agree the state court granted Plaintiffs' motion on June 4, 2010, and allowed Plaintiffs ten days to file their revised second amended complaint.

On June 11, 2010, before Plaintiffs filed their revised second amended complaint, Defendant removed the matter to this Court a second time on the grounds of diversity jurisdiction

---

[1] *Cortez-Liborio v. Del Monte*, Multnomah Cnty. Cir. Ct. Case No. 0710-11657.

6 - ORDER

under § 1332(a) and/or CAFA based on evidence of the number of potential class members and their damages that Plaintiff provided to Defendant during discovery related to jurisdiction.

On July 14, 2010, Plaintiffs filed a Motion to Remand this matter to state court.

On July 23, 2010, Magistrate Judge Acosta held a status conference and issued an Order in which he directed the parties to engage in discovery limited to the issue of jurisdiction, set a briefing schedule for Plaintiffs' Motion to Remand, and directed Plaintiffs to file their Second Amended Complaint in which they intended to include an allegation that the aggregate of their claims does not exceed $5,000,000.

On May 23, 2011, Magistrate Judge Acosta issued Findings and Recommendation in which he recommends the Court grant Plaintiffs' Motion to Remand.  Specifically, the Magistrate Judge found: (1) although the allegations of Plaintiffs' First Amended Complaint govern the issue of this Court's jurisdiction because Plaintiffs had not yet filed their Second Amended Complaint at the time Defendant removed the matter to this Court, the Court, nevertheless, could properly consider the allegations in the proposed Second Amended Complaint when determining the existence of federal jurisdiction; (2) Defendant has the burden to prove removal is proper by a preponderance of the evidence; (3) the attorneys' fees that Plaintiffs expect to incur in this matter

"must be divided among all members of the class for the purposes of determining the amount in controversy" under § 1332(a); (4) Defendant has failed to establish by a preponderance of the evidence that the $75,000 amount-in-controversy requirement of § 1332(a) has been satisfied; (5) because Defendant has failed to establish by a preponderance of the evidence that Plaintiffs will incur attorneys' fees in excess of $1,117,299.70 in this matter, Defendant also has not established the $5,000,000 amount-in-controversy requirement of CAFA has been satisfied.

## II.  Defendant's Notice of New Facts

On June 17, 2011, Defendant filed a Notice of New Facts in which Defendant notes on October 5, 2010, Plaintiffs' counsel responded to Defendant's discovery requests on the issue of attorneys' fees and projected attorneys' fees of approximately $1.3 million in the *Cortez-Liborio* action.  Magistrate Judge Acosta based his analysis of the likely amount of attorneys' fees for Plaintiffs' counsel in this action on Plaintiffs' $1.3 million estimate when he concluded Defendant has not established the $5,000,000 amount-in-controversy requirement of CAFA.  In its Notice, however, Defendant points out that Plaintiffs' counsel filed their petition for attorneys' fees in *Cortez-Liborio* on June 10, 2011, seeking $2.9 million in attorneys' fees, which is

8 - ORDER

approximately 2½ times more in fees than the $1.3 million earlier projected by Plaintiff and that the Magistrate Judge relied on in his analysis. According to Defendant, this new fact establishes by a preponderance of the evidence that the $5,000,000 amount-in-controversy requirement of CAFA has been met, and, therefore, that this Court has jurisdiction under CAFA.

In their Response to Defendant's Notice, however, Plaintiffs note the difference in Plaintiffs' $1.3 million attorneys' fee estimate in October 2010 in *Cortez-Liborio* and the $2.9 million in attorneys' fees actually sought by Plaintiffs in June 2011 is "due mostly to counsel's request for a multiplier, or risk enhancement, of 2.0." Plaintiffs note if the Multnomah County Circuit Court denies Plaintiffs' request for a multiplier, Plaintiffs will not recover attorneys' fees of $2.9 million.

**III. Analysis**

In its Notice of New Facts, Defendant estimates the amount in controversy requirement in this matter exceeds the $5,000,000 CAFA requirement based on information provided by Plaintiffs in discovery and the attorneys' fees Plaintiffs seek in *Cortez-Liborio*. Specifically, based on the information provided to Defendant by Plaintiffs in discovery, Defendant asserts the amount in controversy in this case is:

9 - ORDER

```
Statutory Penalties for Overtime Violations       $2,339,242.00
Statutory Penalties for Minimum Wage Violations:  $1,109,088.00
Damages for Wrongfully Deducting Wages:           $  271,200.00
Unpaid Wages:                                     $  132,427.04
Unpaid Minimum Wages:                             $    5,719.76
Unpaid Overtime Wages:                            $   24,841.50
Attorneys' Fees:                                  $2,900,000.00

Total:                                            $6,782,700.30
```

### A. Duplicate penalties

In Plaintiffs' Reply in support of their Motion to Remand and in their Response to Defendant's Objections, Plaintiffs assert Defendant's calculations are incorrect because Defendant assumes Plaintiffs will recover statutory penalties for both overtime violations and minimum-wage violations in this matter. Plaintiffs assert it is "impossible" for them to recover both of those penalties because "the two types of wage violation[s] arise out of the identical conduct - permitting class members to work off the clock," and, therefore, the Court should not consider both penalty amounts when determining whether CAFA's amount-in-controversy requirement is more likely than not to be satisfied in this matter.

The Magistrate Judge did not address the issue of duplicate penalties because he concluded Defendant has not established by a preponderance of the evidence that this matter met the CAFA amount-in-controversy requirement even with duplicate penalties. Because Defendant's Notice of New Facts was not before the Magistrate Judge when he made his Findings and

10 - ORDER

Recommendation to the Court, the Court addresses Plaintiffs' duplicate-penalties argument.

In support of their assertion that the Court should not consider both penalty amounts when determining whether CAFA's amount-in-controversy requirement is satisfied in this matter, Plaintiffs rely on the state-court's ruling in *Cortez-Liborio* that Plaintiffs were entitled as a matter of law to only one set of damages for violations of overtime and minimum-wage statutes in that matter. Plaintiffs also rely on *Hurger v. Hyatt Lake Resort* to support their assertion that it is legally impossible for them to recover penalties for Defendant's alleged failure to pay overtime and for Defendant's alleged failure to pay minimum wages because those penalties arise out of the same conduct (*i.e.*, permitting class members to work off the clock). 170 Or. App. 320 (2000). In *Hurger* former employees alleged their employer did not pay them their wages until two weeks after the time allowed by Oregon Revised Statute § 652.140. *Id*. at 323. When their employer paid the former employees' wages, however, the wages complied with the minimum-wage requirements set out in Oregon Revised Statute § 653.055. *Id*. The court disallowed the plaintiffs' recovery of both a penalty for violation of the minimum-wage statute and a penalty for late payment of wages after termination as required by Oregon Revised Statute § 652.140 on the ground that:

11 - ORDER

> When, as here, the employee's regular wage rate complies with the statutory minimum requirement, the minimum wage component is automatically subsumed within the wage rate on which the penalty under ORS 652.150 is computed for the violation of ORS 652.140 itself. To impose a separate penalty under ORS 652.150, under these circumstances, would constitute a second penalty based on an amount that has already been included in the penalty that the employee has recovered for the untimeliness of the final payment under ORS 652.140.

*Id*. at 326.

In *Cornier v. Tulacz* the Oregon Court of Appeals allowed a former employee to recover a penalty for the defendant's failure to pay her overtime in violation of Oregon Revised Statute § 653.055 and a penalty for the defendant's failure to pay her vacation wages after she was terminated in violation of Oregon Revised Statute § 652.140 because the court concluded those statutory provisions "refer to separate varieties of employer misconduct, each of which is based on a different set of facts." 176 Or. App. 245, 249 (2001). The court, however, acknowledged if an employee presented "two claims for two penalties based on the same employer misconduct, one of those claims would probably fail under *Hurger*." *Id*. at 250.

Here Plaintiffs concede their claims for violation of Oregon's minimum-wage statute and for violation of Oregon's overtime statute arise out of the "identical conduct - permitting class members to work off the clock." The Court, therefore, concludes pursuant to *Hurger* and *Cornier* that Plaintiffs would

12 - ORDER

not be entitled to both the $2,339,424.00 in statutory penalties for overtime violations and the $1,109,088.00 in statutory penalties for violations of Oregon's minimum-wage statute alleged in this case.

Accordingly, the Court concludes those penalties should not be considered in combination when determining whether Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

Based on Defendant's figures, which Plaintiff generally does not dispute, the total amount in controversy (not including attorneys' fees) if Plaintiffs are awarded only the statutory penalty for overtime violations would be $2,773,612.30.  If Plaintiffs are awarded only the statutory penalty for minimum-wage violations, the total amount in controversy (not including attorneys' fees) would be $1,543,276.30.

**B.   Attorneys' Fees**

As noted, Defendant points out in its Notice of New Facts that in June 2011 Plaintiffs' counsel filed a petition for attorneys' fees in *Cortez-Liborio* seeking $2.9 million in attorneys' fees.  According to Defendant, this new fact establishes by a preponderance of the evidence that this Court has jurisdiction under CAFA because attorneys' fees of $2.9 million would bring the amount in controversy in this case to more than $5,000,000.

As the Magistrate Judge noted, however, although the fees sought in *Cortez-Liborio* may be indicative of the general amount of fees that Plaintiffs are likely to seek in this matter, there are differences between this case and *Cortez-Liborio* that affect the fee analysis. According to Plaintiffs, many of the time-and-attendance records of the class plaintiffs were confiscated by authorities as part of a workplace raid by immigration authorities in *Cortez-Liborio*. Plaintiffs' counsel, therefore, expended considerable time and effort retrieving or recreating those records. Here most of the class members and almost all of the records are available and "easily accessible." In addition, Plaintiffs' counsel gained experience while litigating many issues in *Cortez-Liborio* that are also present in this action. Plaintiffs' counsel, therefore, are likely to be able to streamline their processes and decrease the amount of attorney time expended in this matter. Magistrate Judge Acosta took account of all of these factors and found they would likely result in at least a 10% decrease in attorneys' fees.

This Court does not find any error with the Magistrate Judge's analysis and, therefore, concludes these same factors would likely lead to a reduction in the $2.9 million attorneys' fee projected by Defendant. Accordingly, the Court concludes Plaintiffs' attorneys' fees would likely be reduced by at least 10% to $2,610,000. If Plaintiffs were awarded the penalty for

minimum-wage violations as opposed to the penalty for overtime violations, the total amount in controversy based on Defendant's figures and including $2,610,000 in attorneys' fees would be $4,153,276.30, which falls short of the $5,000,000 CAFA amount-in-controversy requirement.

In addition, the Court notes Plaintiffs were granted leave by the state court to amend their First Amended Complaint to allege the aggregate amount of their claims in this matter does not exceed $5,000,000.  As the Magistrate Judge properly concluded, Plaintiffs' first amended complaint is the operative complaint with respect to the issue of removal because Defendant removed the matter to this Court before Plaintiffs had a chance to file their proposed second amended complaint.  Nevertheless, the Court may consider as evidence of the amount in controversy Plaintiffs' representations made in their state-court motion for leave to file the second amended complaint, in their proposed Second Amended Complaint filed in this Court, and in Plaintiffs' Reply in support of their Motion to Remand filed in this Court.[2]  *See, e.g., Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)(district court may require parties to submit evidence "relevant to the amount in controversy at the time of

---

[2] For example, in Plaintiffs' Reply, Plaintiffs state:  "If this action is remanded[,] . . . plaintiffs would not be able to recover more than $5 million without amending their complaint to seek more[, which would] . . . trigger[] Del Monte's absolute right to remove, regardless of when it happened."

15 - ORDER

removal."); *BEM I, Ltd. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)("Events subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered in deciding what that original amount in controversy was."). In addition, based on Plaintiffs' representations that they are likely to seek attorneys' fees in this action that are less than the attorneys' fees sought in *Cortez-Liborio* due to the factors noted above and Plaintiffs' representations before both the state court and this Court that the amount in controversy in this matter does not exceed $5,000,000, the Court concludes Plaintiffs will seek less than $2,226,387.70 in attorneys' fees if Plaintiffs are awarded the penalty for overtime violations, which would bring the amount in controversy below the CAFA requirement of $5,000,000.[3] In addition, the Court concludes a 25% reduction in attorneys' fees from the amount sought in *Cortez-Liborio* is not unlikely in light of Plaintiffs' experience litigating *Cortez-Liborio* as well as the other factors noted above.

On this record the Court concludes Defendant has not established by a preponderance of the evidence that this action

---

[3] As noted in Exhibit 1, if Plaintiffs are awarded the penalty for minimum-wage violations, their total damages would be less than $5,000,000. The Court notes, the amount in controversy in that case would not exceed $5,000,000 even if Plaintiffs' attorneys' fees were $2.9 million.

16 - ORDER

satisfies the $5,000,000 amount-in-controversy requirement of CAFA even after considering Defendant's Notice of New Facts. Accordingly, the Court adopts as modified the Findings and Recommendation, grants Plaintiffs' Motion to Remand, and remands this matter to state court.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Acosta's Findings and Recommendation (#60) and, therefore, **GRANTS** Plaintiffs' Motion (#9) to Remand Case, **DENIES** Plaintiffs' request for attorneys' fees, and **REMANDS** this matter to state court.

IT IS SO ORDERED.

DATED this 19th day of August, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - ORDER